## The People of the State of Illinois ex rel. Elijah H. Marteeny et al., Appellees, v. Martin Henn, Town Clerk, Appellant.

ROADS AND BRIDGES, § 243*—*when petition for special election for return to old system of three highway commissioners may be made.* Under the Roads and Bridges Act of 1913, art. 9, secs. 159, 166 [Cal. Ill. St. Supp. 1916, ¶¶ 10,000 (159), 10,000 (166)], where a town has adopted the system of one highway commissioner, a petition for a special election for a return to the old system of three highway commissioners may be made at any time, and it is not necessary that the period of three years referred to in the prior section expire, as such limitation refers only to a new election of a single highway commissioner.

Appeal from the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

G. L. ORE and CONRAD SCHUL, for appellant; WILLIAM H. GREEN, of counsel.

JOEL F. WATSON, for appellees; G. GALE GILBERT and ROBERT M. FARTHING, of counsel.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

It appears from the record in this case that the county of Jefferson is under township organization, and that on March 3, 1914, the Town of Mt. Vernon in said county held an election and adopted the single highway commissioner system, as provided in article 9 of an Act entitled: "An Act to revise the law in relation to Roads and Bridges," approved June 27, 1913 [Cal. Ill. St. Supp. 1916, ¶ 10,000 (158) *et seq.*]; that at the annual town election held in said town in April, 1914, the voters thereof elected one highway commis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sioner, as provided by said article. It further appears that thereafter and on about November 18, 1914, a petition addressed to Martin Henn, town clerk of the Town of Mt. Vernon, signed by more than two hundred persons alleging that they were legal voters of said town, requested said Henn to call a special election for the purpose of submitting to the electors of said town the proposition for withdrawing from the single highway commissioner system heretofore adopted, and returning to the general provisions of said act. This petition together with two others, containing one hundred persons alleging that they were legal voters, were filed with said town clerk on November 20, 1914, requesting such election to be called.

The said town clerk refused to call such election as petitioned for, and thereupon Joel F. Watson, State's Attorney of Jefferson county, and Elijah Marteeny, C. F. Burke and others, filed a petition to the April term, 1915, of the Circuit Court of Jefferson county, setting forth the foregoing facts, and asked that a mandamus issue directed to the said Martin Henn as town clerk, commanding him forthwith to call a special election and post notices thereof as required by statute, for the purpose of submitting to the voters of the said town said proposition. The defendant, Martin Henn, town clerk as aforesaid, filed a demurrer to the said petition, which demurrer was overruled by the Circuit Court, and judgment rendered thereon in favor of petitioners, and ordered the writ of mandamus to issue, to which order of the court the defendant excepted, and appeals to this court to reverse such judgment.

It is contended by counsel for appellant that inasmuch as the question of the adoption of the provisions of article 9 [Cal. Ill. St. Supp. 1916, ¶ 10,000 (158) *et seq.*] was submitted to the legal voters of the Town of Mt. Vernon on March 3, 1914, and that the voters at such election adopted the single highway commissioner

system and elected a single highway commissioner at
the annual town meeting, that the question of return-
ing to the system of electing three highway commis-
sioners could not be again submitted to the legal
voters of the town within three years from the adop-
tion of such system. The determination of this ques-
tion depends upon a construction of the several sections
of article 9 of "An Act to Revise the Law in Rela-
tion to Roads and Bridges," approved June 27,
1913. [Cal. Ill. St. Supp. 1916, ¶ 10,000 (158) *et seq.*]
Section 158 of said Act [Cal. Ill. St. Supp. 1916,
¶ 10,000 (158)] is as follows: "The provisions of this
article shall become effective in any township or road
district in this State upon the adoption of the same by
the legal voters of such township or road district as
hereinafter provided, and not otherwise." Section
159 [Cal. Ill. St. Supp. 1916, ¶ 10,000 (159)] provides:
"At any time following the passage and approval of
this Act upon petition of not less than twenty-five of
the legal voters of any township or road district, the
town or district clerk thereof shall, within thirty days
thereafter, call a special election at which there shall
be submitted to the voters of such town or road dis-
trict the question of having a single highway commis-
sioner in such township or road district: Provided,
however, that no such election shall be held within a
period of thirty days next preceding any annual town
or road district election, and the elections for the pur-
poses specified in this section shall not be held oftener
than once in three years." Sections 160 and 161 [Cal.
Ill. St. Supp. 1916, ¶¶ 10,000 (160), 10,000 (161)] pro-
vide for the giving of notice and the ballots, and sec-
tion 162 [Cal. Ill. St. Supp. 1916, ¶ 10,000 (162)]
provides: "If a majority of the legal voters voting at
said special election shall vote in favor of the proposi-
tion, 'For Single Highway Commissioner System,' then
and thereafter, and until said vote shall be reversed
in the manner hereinafter provided, the provisions of

this article shall be effective in such township or road district, and in said township or road district there shall be but one highway commissioner to be elected as hereinafter provided." Section 166 [Cal. Ill. St. Supp. 1916, ¶ 10,000 (166)] provides the manner in which such town may withdraw from the provisions of this article and is as follows: "Any town or road district having adopted the provisions of this article may withdraw from the provisions thereof and elect to come under the general provisions of this Act whereby three highway commissioners are provided for in each town or road district. Such withdrawal from the provisions of this article shall by the vote of the legal voters. of such town or district, and provisions therefor may be inaugurated by petition to the town or district clerk, in the manner provided in section 161 of this Act. Upon the filing of such petition a special election therefor shall be called and conducted, and the result thereof declared as provided in sections 161, 162 and 164 of this Act: Provided, that no such special election shall be held within a period of thirty days preceding the second Tuesday in April in any year. At said special election the proposition petitioned for and submitted to the voters shall be as follows: 'For continuing the single Highway Commissioner System,' and 'Against continuing the single Highway Commissioner System.' A majority of all the voters voting at such election shall be required to withdraw such town or road district from the provisions of this article, and after any town or district has voted to withdraw from the provisions of this article, no special election shall be called to return to the provisions of this said article for a period of at least three years."

It will be observed that an election held under section 159 is for the purpose of adopting the provisions of article 9 with reference to the single highway commissionership, and that no other election is referred to in this section, and the section contains this limita-

tion: "And elections for purposes specified in this section shall not be held oftener than once in three years." This limitation, in our judgment, could not be held to apply to any election, except the one specified in this particular section as it contains specific language limiting it to such elections as are held under this section. Section 166 is upon an entirely different proposition, towit, that of withdrawing from the provisions of this article, and provides that: "Any town or road district having adopted the provisions of this article may withdraw from the provisions thereof and elect to come under the general provisions of this act whereby three commissioners of highways provided for in each town or road district." It then at the conclusion of the section provides for a limitation upon returning to the provisions of this article and is in words as follows: "A majority of all the voters voting at such election shall be required to withdraw such town or road district from the provisions of this article, and after any town or district has voted to withdraw from the provisions of this article, no special election shall be called to return to the provisions of this said article for a period of at least three years."

It appears to us that the Legislature in adopting this statute had in mind that all the towns within the State were under the former Road and Bridge Act, and all had adopted and were acting under the system of having three highway commissioners, and that it intended by this article 9, above referred to, to give such towns an opportunity to try this single highway commissioner system and if they were not satisfied with it to return to the old system of three highway commissioners at any time that the voters saw fit so to do, and for that reason section 166 provided that a petition might be submitted for such an election at any time. It seems to us that the Circuit Court was clearly right in overruling the defendant's demurrer and in ordering the writ of mandamus, and the judgment of the lower court is affirmed.

*Affirmed.*